I respectfully dissent for the majorities opinion that the trial court erred in finding Canton City Ordinances 1127.06, 1127.07, 1127.08 and 1127.09 fail to provide the safeguards for continued nonconformity uses mandated by R.C. 713.15.
Zoning is a development of the general principle upon which this nation was founded, the free alienation of one's own property. The purpose of zoning is generally viewed as a legitimate method of promoting the state's interest to further the health, safety and good of the people.
R.C. 713.15 mandates that cities "shall provide in any zoning ordinance for the completion, restoration, reconstruction, extension or substitution of nonconformity uses upon such reasonable terms as are set forth in the zoning ordinance."
Canton City Ordinance 1127.06 provides as follows:
 Within the districts established by this Zoning Ordinance or amendments that may later be adopted, there exist structures, uses of land and structures and characteristics of use which were lawful before this Ordinance was passed or amended, but which would be prohibited, regulated or restricted under the terms of this Ordinance or future amendments. It is the intent of this Ordinance to permit these nonconformities to continue until they are removed, but not to encourage their survival. It is further the intent of this Ordinance that nonconformities shall not be enlarged upon, expanded or extended, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district.
It is clear with an objective reading of this ordinance that the mandates of R.C. 713.15 have not been met. I would find the trial court was clearly correct in its observation of a failure to fulfill the mandates of the Revised Code in the City's ordinance. I would affirm the decision of the trial court.
JUDGE SHEILA G. FARMER.